**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff:
PAMELA MADISON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MADISON, an individual on behalf of herself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ONESTAFF MEDICAL LIMITED LIABILITY COMPANY; and DOES 1 to 10 inclusive,<br><br>　　　　　　　Defendants. | <u>COLLECTIVE AND CLASS ACTION</u><br>COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br>4. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)<br><br>AND DEMAND FOR JURY TRIAL |

Plaintiff PAMELA MADISON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action and nationwide collective action against ONESTAFF MEDICAL LIMITED LIABILITY COMPANY ("OneStaff") for failing to: (1) include the value of per diems, housing allowances, and travel allowances in the regular rate of pay when calculating overtime; and (2) pay all wages owing at the termination of employment.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

3. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

4. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because OneStaff employs putative class members and transacts business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

6. Plaintiff is a citizen of California who was employed by OneStaff as a non-exempt healthcare professional in Bakersfield, California between September 2019 and December 2019.

///

7. OneStaff is a citizen of Nebraska engaged in the business of healthcare staffing throughout California and the rest of the United States.

8. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

9. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

10. Defendants OneStaff and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. OneStaff is a staffing company that employs non-exempt healthcare professionals for short-term travel assignments at healthcare providers throughout the United States.

12. In addition to paying a base hourly rate for each hour worked, OneStaff also compensates its non-exempt healthcare professionals with an hourly per diem rate for each hour worked, an hourly housing allowance rate for each hour worked, and an hourly travel allowance rate for each hour worked.

13. Notwithstanding that the hourly per diem rate, the hourly housing allowance rate, and the hourly travel allowance rate are each keyed to, and each fluctuate with, the number of hours worked, OneStaff does not include the value of this compensation in the regular rate of pay for purposes of calculating overtime wages owing to non-exempt healthcare professionals.

14. Plaintiff worked a 14-week travel assignment for OneStaff at Mercy Hospitals of Bakersfield in 2019.

15. Plaintiff's assignment required her to work 48 hour per week in 12-hour shifts.

16. In addition to a base hourly rate of $40 per hour worked, Plaintiff was also paid a per diem of $11.75 per hour worked (up to a maximum of $423 per week), a housing allowance of $20.42 per hour worked (up to a maximum of $735 per week), and a travel allowance of $1.39 per hour worked (up to a maximum of $50 per week).

17. When each of the components of Plaintiff's hourly compensation is summed, it results in a regular rate of $73.56 per non-overtime hour worked.

18. Accordingly, for each overtime hour worked, Plaintiff should have been paid at a premium overtime rate of $110.34 per hour, which is 1.5 times her regular rate of $73.56. However, because OneStaff excluded the value of her per diem, housing allowance, and travel allowance from the overtime calculation, Plaintiff was only paid $75 per overtime hour worked.

## REPRESENTED PARTIES UNDER FLSA COLLECTIVE ACTION

19. Plaintiff brings the FLSA claim on behalf of herself and all non-exempt employees employed by OneStaff in the United States at any time since September 30, 2017 who received hourly per diems, hourly housing allowances, and/or hourly travel allowances (the "FLSA Collective").

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings the California state law claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a "California Class" composed of the following:

> All non-exempt employees employed by OneStaff in California at any time since September 30, 2016 who received hourly per diems, hourly housing allowances, and/or hourly travel allowances.

21. Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

4

22. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

23. The potential members of the California Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

**B. Commonality**

24. There are questions of law and fact common to the California Class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether OneStaff unlawfully excluded hourly remuneration from class members' regular rates of pay for purposes of calculating overtime wages.

**C. Typicality**

25. The class claims of the proposed class representative is typical of the claims of each class member. As with other members of the California Class, when Plaintiff worked overtime hours, OneStaff failed to include the value of her hourly remuneration in her regular rate of pay for purposes of calculating her overtime wages.

**D. Adequacy of Representation**

26. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

**E. Superiority of Class Action**

27. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the California Class has been damaged in the same manner because of OneStaff's common policy of failing to include all hourly remuneration

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5

in the regular rate calculation.

28. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30. Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

31. Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

32. As a result of Defendants' failure to include the value of all hourly remuneration in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiff and other members of the California Class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

33. Plaintiff seeks to recover, on behalf of herself and other California Class members, payment of the overtime wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.

36. Defendants' failure to pay Plaintiff and other California Class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 510.

37. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other California Class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

38. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

39. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and other California Class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION
## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES
## (LABOR CODE § 203)

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41. Labor Code sections 201 requires an employer to promptly pay all wages owing to an employee upon discharge.

42. Plaintiff and other California Class members were discharged by Defendants at the conclusion of the term of their travel assignments.

43. Plaintiff and other California Class members were not timely paid all wages owing at the time of discharge because they were not paid the correct overtime rates of pay.

44. Defendants' failure to pay the correct overtime rates of pay was willful because Defendants intentionally failed to include the value of all hourly remuneration in the regular rate of pay when calculating overtime wages.

45. Plaintiff and other California Class members are therefore entitled to penalties pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## FOURTH CAUSE OF ACTION

## COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA

## (29 U.S.C. §§ 207, 216)

46. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

47. At all relevant times, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and grossed more than $500,000 in each of the last three calendar years. At all relevant times, Defendants employed healthcare professionals, including Plaintiff and members of the FLSA Collective.

48. Attached hereto, as Exhibit 1, is Plaintiff's consent to sue pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other FLSA Collective members will likely sign consent to sue forms and join as opt-in plaintiffs in the future.

49. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

50. As alleged above, in violation 29 U.S.C. § 207, Defendants did not include the value of all hourly remuneration paid to Plaintiff and other FLSA Collective members in their regular rate of pay for purposes of calculating overtime. The foregoing conduct, as alleged,

constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of their attorneys' fees and costs of action to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1. That the California Class be certified pursuant to Rule 23;
2. That Plaintiff be appointed as the representative of the California Class; and
3. That counsel for Plaintiff be appointed as counsel for the California Class.

### Collective Action Certification

4. That the FLSA Collective be certified and that notice be sent to the members of the FLSA Collective providing them the opportunity to opt-in pursuant to 29 U.S.C. § 216(b).

### First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other California Class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

6. For unpaid overtime wages and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other California Class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

11. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

12. Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

13. For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

14. That the Court declare, adjudge and decree that Defendants violated Labor Code section 201 by willfully failing to pay Plaintiff and other California Class members all wages owing at the time of discharge;

15. For statutory wage penalties pursuant to Labor Code section 203; and

16. For such other and further relief as the Court may deem equitable and appropriate.

**Fourth Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and other members of the FLSA Collective the correct overtime rates for all hours worked in excess of 40 hours per week;

18. For unpaid overtime compensation wages;

19. For liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

20. For attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

21. For such other and further relief as the Court may deem equitable and appropriate.

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: September 30, 2020                    **HAYES PAWLENKO LLP**

By: /s/Kye D. Pawlenko
Matthew B. Hayes
Kye D. Pawlenko
Attorneys for Plaintiff

# EXHIBIT 1

**CONSENT TO SUE UNDER THE FLSA**

I, Pamela Madison, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with OneStaff and other associated parties.

I authorize Hayes Pawlenko LLP, and any associated attorneys as well as any successors or assigns to represent me in such action.

/s/Pamela Madison

(original signature retained by Hayes Pawlenko LLP)