# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MADISON, an individual on behalf of herself and others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ONESTAFF MEDICAL, LLC; and DOES 1 to 10 inclusive,<br><br>　　　　　　Defendants. | Case No. 1:20-CV-01384-AWI-JLT<br><br>[~~PROPOSED~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(Doc. Nos. 31, 32) |

　　A hearing on Plaintiff's motion for final approval of class settlement and motion for approval of attorneys' fees was held on March 14, 2022. No objections from any class members were received. Similarly, the parties made no objections. The court heard additional arguments from the parties and received clarification regarding the fees requested for the class administrator and the fee requested by the class representative. After considering the positions of the parties at the hearing, the absence of any objections by any party or class members, and the documents filed in support of Plaintiff's motions, the Court finds that it is appropriate to grant Plaintiff's motion for final approval of class action settlement and request for attorneys' fees in full.

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

i

**[~~PROPOSED~~] ORDER AND JUDGMENT**

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court **GRANTS** Plaintiff's motion final approval of the Settlement (Doc. No. 31) and finds that the terms of the Settlement are fair, adequate, reasonable, and free from collusion and preferential treatment.

2. The Court **CERTIFIES** the following class for purposes of the Settlement only:

   All non-exempt hourly healthcare professionals employed by Defendant in California at any time from September 30, 2016 and September 19, 2020 who worked overtime and received hourly per diems, hourly housing allowances, and/or hourly travel allowances. The Settlement Class **SHALL NOT INCLUDE** Georgana Rountree or Tina Bou, both of whom timely opted-out of the Class.

3. The Court **CERTIFIES** the following Fair Labor Standards Act ("FLSA") collective for purposes of the Settlement only:

   All non-exempt hourly healthcare professionals employed by Defendant in California at any time from September 30, 2017 and September 19, 2020 who worked overtime, as defined under the FLSA, and received hourly per diems, hourly housing allowances, and/or hourly travel allowances. The members of the Settlement Collective who have timely opted-in as required by the FLSA have lodged their consent forms with the Court at ECF No. 29.

4. The Court **APPOINTS** Plaintiff as representative of the Settlement Class and Collective;

5. The Court **APPOINTS** Hayes Pawlenko LLP as counsel for the Settlement Class and Collective;

6. The notice of the Class Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Class Settlement (i) was the best practicable notice under the circumstances; (ii) was

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1

reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the proposed settlement, their right to exclude themselves from or object to the proposed settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with applicable law.

7. Upon entry of this Judgment, the Settlement Class shall be deemed to have released any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the wage and hour and California Labor Code claims alleged in the Complaint or relate to other claims that could have been alleged based on the facts asserted in the Complaint, including but not limited to regular and overtime rate calculations, waiting time penalties, minimum wages, timely payment of wages, wage statements, reimbursements, unlawful deductions from wages, and derivative or related claims, including but not limited to Private Attorney General Act claims, claims for restitution and other equitable relief, liquidated damages, punitive damages, or penalties of any nature whatsoever.

8. Upon entry of this Judgment, the Settlement Collective members identified at Doc. No. 29 shall be deemed to have released any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action, contingent or accrued, which relate to the FLSA unpaid overtime claim alleged in the Complaint or relate to other FLSA claims that could have been alleged based on the facts asserted in the Complaint.

9. The Court approves attorneys' fees (Doc. No. 32) to class counsel in the amount of $131,250 and reimbursement of litigation costs to class counsel in the amount of $5,119.60, which shall be paid in accordance with the terms of the Class Settlement.

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

10. The Court approves a service award of $5,250 to Plaintiff, which shall be paid in accordance with the terms of the Class Settlement.
11. The Court approves settlement administration fees and expenses to CPT Group, Inc. in the amount of $14,500, which shall be paid in accordance with the terms of the Class Settlement.
12. This document shall constitute final judgment for the purpose of Rule 59 of the Federal Rules of Civil Procedure.  Without affecting the finality of this matter, this Court shall retain jurisdiction over this action and the parties for purposes of enforcing the terms and conditions of the Class Settlement.
13. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 14, 2022                               _____
                                                                            SENIOR DISTRICT JUDGE

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

3